JOURNAL ENTRY AND OPINION
Defendant-appellant James Adkins appeals from his sentence. The appellant pled guilty to attempted burglary in violation of R.C.2923.02/R.C. 2911.11 and attempted robbery in violation of R.C.2923.02/2911.01. The trial court sentenced the appellant to an eight-year term of incarceration on each count, to be served consecutively.
On the record the trial court made the following statement:
 The victim in this case was in her living room, reading in her dinning (sic) room. She was reading in her bedroom when she heard a noise in the dinning (sic) room.
 She saw the defendant standing in her sister's bedroom closet. She followed him into the kitchen. She slammed him against the wall. They were struggling in the kitchen. Defendant pulled out an eight inch steak knife. The victim let go and the defendant fled.
The victim knew the defendant, knew who he was.
Police arrested him and here he is.
 He stole a wallet (sic) an ID card, birth certificate, social security card, electronic organizer, Nike ring and a black zipper bag, Master Card, Kaufmann's charge, Dillard's charge, Jeweler's card, two different jeweler's cards and a Disney Card. She lost her Giant Eagle Card, her Topps Card (sic) her Spencer Car (sic), Blockbuster's and Hollywood Video Card and a Discover Card. Total loss, $194.44. Not mentioning all the aggravation and inconvenience that's in this case.
 Defendant's (sic) on probation in docket number 381245.
 In that case, the complaint was emanated from 975 Roland Avenue, unknown person observed inside the house. Basement door was heard to slam. A guy was seen through the window. The police were called, checked the house and found the defendant hiding in a basement with a four and a half inch blade in his possession. The victim in that case knew the defendant.
 On docket 395206, the Court imposes under count one an eight year sentence. Under count two, an eight year sentence. Those two sentences are consecutive to each other.
 The Court finds that the defendant is almost certainly incapable of rehabilitation.
July 6, 1993, assault. February 17, 1994, burglary.
 February 17, 1994, trespassing. February 17, 1994, safe cracking. February 17, 1994, theft. August 24, 1999, aggravated burglary and now the present case.
 The public is entitled to, notwithstanding whatever problems the defendant personally has. Notwithstanding whatever grotesque representations he may make to the Court as to his intent to rehabilitate himself, this Court cannot run the risk of further having him out preying upon the community.
 Young women are entitled to the sanctity and privacy of their homes. The safety in their homes without a knife wielding intruder, interrupting their peace of mind in the middle of the night or at any other time. Excuse me.
 The Court finds that incarceration is necessary to adequately protect the public. That there is a high probability that the defendant, if put on probation and released to the streets will once again commit the same type of offenses.
Accordingly, this sentence will be carried out.
That's all.
The trial court then terminated the appellant probation on his previous case.
The appellant sets forth only one assignment of error:
 THE TRIAL COURT ABUSED ITS DISCRETION IN IMPOSING THE MAXIMUM AVAILABLE SENTENCES CONSECUTIVELY ON EACH COUNT TO WHICH APPELLANT ENTERED A PLEA OF GUILTY.
The appellant asserts that the court failed to properly sentence him by failing to make specific findings on the record as required for the imposition of maximum sentences pursuant to R.C. 2929.14(C). The appellant also argues that the trial court erred in imposing consecutive sentences without explicitly engaging in the required analysis under R.C. 2929.14(E).
In order to reverse a trial court's felony sentencing decision, it is necessary to establish by clear and convincing evidence that the trial court has erred. State v. Gonzalez (March 15, 2001), Cuyahoga App. No. 77338, unreported; R.C. 2953.08(G)(1). In R.C. 2929.14(C) and R.C.2919.14(E)(4) the legislature established the public policy disfavoring maximum or consecutive sentences except for the most deserving offenders. See, State v. Edmonson (1999), 86 Ohio St.3d 324, 328; State v. Berry (Mar. 9, 2000), Cuyahoga App. Nos. 75470, 75471, unreported.
The procedure that a trial court must follow when imposing consecutive sentences for multiple offenses and maximum sentences on an offender for offenses arising out of the same incident has been set forth in R.C.2929.19(B)(2)(c) and (e). Gonzalez, citing to Edmonson and Berry, supra. Specifically, when a court imposes a maximum sentence under R.C.2929.14(C), the trial court should look to R.C. 2929.19(B)(2)(e) for guidance as to the sentencing hearing itself. Likewise, when a court imposes consecutive terms under R.C. 2929.14(E), R.C. 2929.19(B)(2)(c) must be consulted by the court when determining the sentence.
The basic prison terms are set forth in R.C. 2929.14. The appellant was convicted of two felonies of the second degree. The prison term to be imposed for a felony of the second degree is two, three, four, five, six, seven, or eight years. Turning first to the question of maximum sentences, we note that R.C. 2929.14 (C) states:
 Except as provided in division (G) of this section or in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section.
When considering maximum sentences, the sentencing judge is required to provide for the record both a category finding under R.C. 2929.14(C) and the reasons for that category finding. Edmonson and Berry, supra.
In the case sub judice, the trial court stated that the appellant was almost certainly incapable of rehabilitation and that there is a high probability that the appellant would once again commit the same type of crime. However, the trial court failed to make any statement which would indicate that the appellant committed the worst form of the offense. This alone is sufficient to remand this case for re-sentencing.
The appellant also asserts that the trial court failed to follow the requirements when imposing consecutive sentences. When imposing consecutive terms, the court on the case herein was required to comply with the mandates of R.C. 2929.14(E)(4):
 (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
In the matter at hand, the trial court found that the sentence was necessary to protect the public from future crimes and also found that the appellant was under probation. The court made no finding that the sentence was not disproportionate to the seriousness of the appellant's conduct.
The trial court failed to make the appropriate findings to support the imposed sentence. The appellant's assignment of error is well taken and this case must be remanded to the trial court for re-sentencing.
Conviction affirmed, reversed and remanded for re-sentencing.
This cause is reversed and remanded for re-sentencing.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
DIANE KARPINSKI, A.J., and ANNE L. KILBANE, J., CONCUR.